## ZAGAMI v. EDWARDS et al.

### No. 1449.

Municipal Court of Appeals
District of Columbia.

Argued Feb. 15, 1954.

Decided March 10, 1954.

Rehearing Denied March 30, 1954.

George Greenberg, Washington, D. C., for appellant.

Henry Lincoln Johnson, Jr., Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

Zagami, a real estate broker, sued for a commission on an uncompleted sale of a house. He alleged that after he had procured a contract the owners "changed their minds" about selling the property and ordered return of the deposit to the prospective purchaser. The owners defended on the grounds that under their agreement the broker was to find a new house for them and the proceeds of the sale of their house were to be used in the purchase of a new one; that the cash deposit received on their old home was to be used as a down payment in the purchase of the new one; that the two transactions were to "coincide," and the sale of the old house was to be contingent on acquiring a new one on satisfactory terms. They claimed that the broker failed to produce a contract which would enable them to accomplish that purpose and that the owners of the new home refused their offer, contained in a signed purchase agreement, and raised the price of the property by $450.

In deciding the case for defendants, the trial judge sustained their contention that because the two transactions were to have been contingent or "simultaneous" the failure of the second deal disentitled the broker to claim commission on the first. In a memorandum denying the broker's motion for a new trial, the judge elaborated somewhat and specifically held that the agreement was that the broker would secure another house for the defendants and that the sale of their house "would be contingent upon the securing of another home for the defendants to purchase." He ruled that the broker had not complied with "the entire agreement" between himself and the owners.

Challenging the correctness of the decision, the broker has appealed. He contends that the trial court was wrong in finding that the contract was contingent on any other transaction. He also contends that the contingent portion of the agreement between the parties was waived by the owners when they signed the contract to sell

their home. As we see it, those two issues were entirely factual. The decision thereon was supported not only by defense evidence, but also by admissions in the testimony of the broker himself.

In the course of the trial it developed that the contract for the sale of defendants' house was signed by a Mrs. Mallory, whereas the true purchaser was her sister, a Miss Henderson, a neighbor to whom the owners were not willing to sell. It also was shown that this fact was not disclosed by the broker until after the owners had signed their acceptance. But this phase of the transaction did not assume any real importance at the trial and seems of no consequence on this appeal. Appellant argues that he was under no obligation to disclose the identity of the actual purchaser, and that his failure to make such disclosure was immaterial. Assuming, without deciding, that the failure to disclose was immaterial, it is clear that such immateriality did not require the trial judge to reach a different result. His decision, as we have seen, was founded on the more basic proposition that the parties had agreed on contingent and mutually dependent deals and that when one failed, the other became inoperative.

Since we hold that the ruling on the controlling issue was not erroneous, other contentions advanced by appellant become irrelevant.

Affirmed.